IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ROBLES HERNANDEZ, JR., AKA GILBERT ROBLES, JR., <br><br> Petitioner, <br><br> v. <br><br> M. BITER, Warden, <br><br> Respondent. _____ / | No. C 12-0064 CW (PR) <br><br> ORDER OF DISMISSAL WITHOUT PREJUDICE |

Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is unclear from the allegations in the petition whether Petitioner is challenging the validity of his conviction, the denial of parole, or matters related to the conditions of his confinement. The Northern District, however, is not the proper venue for any of the above challenges.

A petition for a writ of habeas corpus filed by a state prisoner in a state that contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. See Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). But if a habeas petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credit claims, the district of confinement is the preferable forum. See Habeas L.R. 2254-3(a); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

Petitioner was convicted in Riverside County Superior Court, which lies within the venue of the Central District of California. See 28 U.S.C. § 84(c)(1). Further, he is incarcerated at Kern Valley State Prison, which is located in Kern County and lies within the venue of the Eastern District of California. See 28 U.S.C. § 84(b). Thus, jurisdiction over the petition exists in either the Central District or the Eastern District, but not in the Northern District.

If Petitioner seeks to challenge his state court conviction, jurisdiction is more appropriate in the United States District Court for the Central District of California. If he seeks to challenge a parole eligibility decision, jurisdiction is more appropriate in the United States District Court for the Eastern District of California.

Additionally, if Petitioner seeks to challenge the conditions of his confinement at Kern Valley State Prison, he must file a civil rights complaint in the Eastern District. See 28 U.S.C. § 1391(b).

For the foregoing reasons, the petition is DISMISSED without prejudice to Petitioner's refiling a petition and/or civil rights complaint in the appropriate court.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 1/11/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE